**Law Offices of Avrum J. Rosen, PLLC**  Hearing Date: April 20, 2021
*Proposed Attorneys for David J. Doyaga, Sr., Chapter 7 Trustee*  Hearing Time: 10:00 a.m.
38 New Street  Objection Deadline: April 13, 2021
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Chapter 7

       HAROLD TISCHLER,                         Case No.: 15-44128-jmm

                 Debtor.
---------------------------------------------------------x

### TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER REOPENING THE DEBTOR'S BANKRUPTCY CASE

David J. Doyaga, Sr., the Chapter 7 Trustee ("Trustee") for the Estate of Harold Tischler (the "Debtor"), by and through his proposed attorneys, the Law Offices of Avrum J. Rosen, PLLC, as and for his application (the "Application") seeking entry of an Order under section 350(b) of Title 11, United States Code (the "Bankruptcy Code") and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) reopening the Debtor's bankruptcy case; and (ii) directing the United States Trustee (the "UST") to appoint a Chapter 7 trustee, respectfully states as follows:

### PRELIMINARY STATEMENT

1.      This is a case where the Debtor abjectly failed to disclose his interest in a business entity that owns real estate of substantial value. Indeed, the Debtor transferred his interest in the business entity during the pendency of an adversary proceeding objecting to dischargeability so as to prevent his creditors and the Trustee from discovering this asset. For the following reasons, cause exists to reopen the Debtor's case and to direct the UST to appoint a Chapter 7 trustee.

1

## BACKGROUND

**A.     Procedural History**

2.      On September 8, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3.      David J. Doyaga, Sr. was appointed interim Chapter 7 trustee of the Debtor's bankruptcy estate and, by operation of law, became the permanent Chapter 7 trustee of the Debtor's bankruptcy estate.

4.      On December 4, 2015, Chicago Title Insurance Company ("CTIC") commenced an adversary proceeding against the Debtor captioned as *Chicago Title Insurance Company v. Harold Tischler*, Adv. Pro. No. 15-01194-cec, in the United States Bankruptcy Court for the Eastern District of New York (the "Adversary Proceeding"). The Adversary Proceeding sought, among other things, a judicial determination that the Debtor's debt to CTIC was non-dischargeable under sections 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. The Court is respectfully referred to the complaint in the Adversary Proceeding, which shows that the Debtor has a history of engaging in real estate fraud.

5.      On July 11, 2018, the Court entered an order determining that the Debtor's debt to CTIC was non-dischargeable.

6.      The Debtor did not list any interest in any entity that had an interest in real property on his petition or schedules.[1]

7.      On December 9, 2015, the Court entered an order granting the Debtor a no-asset discharge under section 727 of the Bankruptcy Code.

---

[1] *See* Dkt. No. 1, Schedule "A", Schedule "B", Q. 13 and Statement of Financial Affairs. *See also* Dkt. No. 13, Amended Statement of Financial Affairs.

8. On January 23, 2017, the Trustee, in reliance on the Debtor's petition and schedules as well as his testimony at the Section 341(a) meeting of creditors, filed his report of no distribution.

9. On October 11, 2019, the Debtor's bankruptcy case closed.

**B.    The Undisclosed Asset**

10. The Trustee was recently contacted by CTIC's counsel and was informed that prior to and during the pendency of the Debtor's bankruptcy case, the Debtor concealed his interests in business entities that held real estate of substantial value.

11. According to the Trustee's review of certain documents maintained by the New York City Department of Finance, which are publicly available on its Automated City Register Information System, by deed dated February 25, 2008, the Debtor and Linda Tischler acquired title to the real property commonly known as 5318 16th Avenue, Brooklyn, New York 11204, identified under Block 5477, Lot 42, in the Borough of Brooklyn (the "Real Property"). Upon information and belief, the Real Property is a mixed-use property consisting of a commercial storefront and residential apartments.

12. By deed dated May 1, 2008, the Debtor and Linda Tischler transferred their interests in the Real Property to 5318 16th Ave Enterprises LLC. This transfer was for no consideration. Upon information and belief, 5318 16th Ave Enterprises LLC is owned or co-owned by the Debtor.

13. By deed dated August 12, 2011, 5318 16th Ave Enterprises LLC transferred its interest in the Real Property to the Harold and Linda Tischler LLC (the "HLT LLC"). This transfer was also for no consideration. Upon information and belief, the HLT LLC is owned or co-owned

by the Debtor. This interest was not disclosed in the petition and schedules filed on September 8, 2015.

14. By deed dated February 22, 2017, the HLT LLC transferred (the "2017 Transfer") its interest in the Real Property to LTATMTJT531816 LLC (the "LTA LLC"). This transfer was also for no consideration. Upon information and belief, the LTA LLC is owned or co-owned by the Debtor's spouse, Linda Tischler. The basis for that belief is that Linda Tischler signed the transfer forms on behalf of the purchaser.

15. A review of the Debtor's Schedule "B" and Statement of Financial Affairs evidences that the Debtor did not disclose his interest in the HLT LLC and or the Real Property. Further, there was no information in the Debtor's schedules to suggest that the Trustee knew or should have known about the HLT LLC and or the Real Property.

16. In addition, the 2017 Transfer was made during the pendency of the Adversary Proceeding.

17. On March 23, 2021, CTIC commenced an action (the "State Court Action") captioned as *Chicago Title Insurance Company v. Harold Tischler, Harold and Linda Tischler LLC, and LTATMTJT531816 LLC*, Index No., 506863/2021, in the Supreme Court of the State of New York, County of Kings, seeking to, among other things, undue the 2017 Transfer as a fraudulent conveyance and have the Real Property sold.

18. The target of the Trustee's investigation is the 2017 Transfer, the HLT LLC and the Real Property. The Trustee reserves his rights to undue the 2017 Transfer as a fraudulent conveyance and recover the Debtor's interest in the HLT LLC, which owns the Real Property.

**RELIEF REQUESTED**

19. By this Application, the Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto, reopening the Debtor's bankruptcy case and directing the UST to appoint a Chapter 7 trustee.

## DISCUSSION

20. Section 350(b) of the Bankruptcy Code states that, "[A] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

21. The Trustee now moves for the entry of an Order reopening the case, which would provide a mechanism for the Trustee to: (i) file a Notice of Pendency in the Kings County Supreme Court with respect to the Real Property so that the Real Property cannot not be further transferred or encumbered[2]; and (ii) to recover and administer the Debtor's interest in the HLT LLC, which owns the Real Property, and which is property of the estate.

22. Rule 5010 of the Bankruptcy Rules states:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Fed. R. of Bank. P. 5010.

23. A chapter 7 trustee is clearly a party-in-interest. *In re White*, 104 B.R. 951 (S.D. Ind. 1989); *see also In re Stanke*, 41 B.R. 379 (Bankr. W.D. Mo. 1984); *see also Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331 (B.A.P. 9th Cir. 2012).

24. Here, the Trustee was the former Chapter 7 Trustee of the Debtor's bankruptcy case. As such, the Trustee is a party-in-interest and has standing to bring this Application.

---

[2] CTIC has filed a notice of pendency in the State Court Action.

25. In addition, the appointment of a Chapter 7 trustee is necessary to protect the interests of creditors. In the instant case, the Debtor already failed to do that which he was required to do – disclose his interest in the HLT LLC as well as all of his assets. As such, it is likely that creditors were already previously harmed by the Debtor's action (or inaction) because this undisclosed asset was not administered. However, since the Debtor's interest in the HLT LLC was not disclosed, it was not abandoned and remains estate property. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (finding that undisclosed assets remain property of the estate after the case is closed); *see also In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011). As such, it is vital for a Chapter 7 trustee to be appointed in order to investigate the HLT LLC and the Real Property, and to liquidate same for the benefit of creditors where possible.

## CONCLUSION

26. Based on the foregoing, cause exists to reopen this closed Chapter 7 bankruptcy case and direct the UST to appoint a Chapter 7 trustee.

**WHEREFORE**, the Trustee respectfully requests that this Honorable Court enter an Order (i) reopening the Debtor's Chapter 7 case; (ii) directing the UST to appoint a Chapter 7 trustee; together with (iii) such other, further and different relief that this Court deems just and proper under the facts and circumstances herein.

Dated: March 26, 2021　　　　　　　　　　　　　　Respectfully submitted,
　　　　　Huntington, New York

　　　　　　　　　　　　　　　　　　　　　　　　**Law Offices of Avrum J. Rosen, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　　*Proposed Attorneys for*
　　　　　　　　　　　　　　　　　　　　　　　　*David J. Doyaga, Sr.,*
　　　　　　　　　　　　　　　　　　　　　　　　*Chapter 7 Trustee of the*
　　　　　　　　　　　　　　　　　　　　　　　　*Estate of Harold Tischler*

　　　　　　　　　　　　　　　　　　　By:　　*/s/ Avrum J. Rosen*
　　　　　　　　　　　　　　　　　　　　　　　Avrum J. Rosen, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Alex E. Tsionis, Esq.

6

        38 New Street
        Huntington, New York 11743
        (631) 423-8527
        arosen@ajrlawny.com
        atsionis@ajrlawny.com