**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Attorneys for David J. Doyaga, Sr., Plaintiff-Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                           Chapter 7

HAROLD TISCHLER,                                    Case No.: 15-44128-jmm

                                    Debtor.
-----------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7        Adv. Pro. No.: 21-
Trustee of the Estate of Harold Tischler,

                                    Plaintiff,

-against-


LINDA TISCHLER,
LTATMTJT531816 LLC and
HAROLD AND LINDA TISCHLER LLC,

                                    Defendants.
-----------------------------------------------------------x

## COMPLAINT

David J. Doyaga, Sr., Solely as Chapter 7 Trustee (the "Plaintiff") of the estate of Harold

Tischler (the "Debtor"), by and through his counsel, the Law Offices of Avrum J. Rosen, PLLC,

respectfully submits this, as and for his complaint (the "Complaint") against Linda Tischler

("Linda"), LTATMTJT531816 LLC ("LTA") and Harold and Linda Tischler LLC ("HLT")

("HLT, together with Linda and LTA, the "Defendants"), and alleges as follows:

1

**NATURE OF THE ACTION**

1.        This is an action by the Chapter 7 Trustee to recover the Debtor's interest in the Harold and Linda Tischler, LLC ("HLT"), a limited liability company, which sole asset was real property of substantial value, and which entity was not disclosed on the Debtor's petition and schedules. To make matters worse, the Debtor caused HLT to transfer the real property to LTA, an entity owned by the Debtor's wife during the pendency of his bankruptcy case and during the pendency of an adversary proceeding, which the Debtor was being sued for nondischargeability of a debt. However, since the Debtor failed to disclose HLT on his petition and schedules, the Debtor's interest in HLT was never abandoned back to the Debtor and remains property of the Debtor's estate. And since HLT was property of the Debtor's estate, the Debtor, or any other member of HLT, had no authority to cause HLT to transfer the real property to LTA without the Plaintiff's consent.

2.        The Plaintiff now brings this action: (i) seeking a declaratory judgment that the Debtor's estate has at least a fifty percent (50%) interest in HLT; (ii) directing turnover of the real property commonly known as and located at 5318 16th Avenue, Brooklyn, New York 11204, identified under Block 5477, Lot 42, in the Borough of Brooklyn (the "Property"), or the value thereof, which is estate property; (iii) seeking a declaratory judgment that the transfer of the Property by HLT to LTA is void; (iv) to avoid the unauthorized post-petition transfer of the Property by HLT to LTA; and (v) for the imposition of a constructive trust as to the Debtor's interest in HLT, which is at least fifty percent (50%).

**JURISDICTION AND VENUE**

3.        This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core

proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

5.      This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

6.      The statutory predicates for the relief sought herein include Sections 105, 323, 502, 541, 542, 549 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6009 and 7001 of the Bankruptcy Rules, 28 U.S.C. §§ 2201 and 2202, *et seq.*, New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

7.      Pursuant to Rule 7008 of the Bankruptcy Rules, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

8.      The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 26 Court Street, Suite 1601, Brooklyn, New York 11242. The Plaintiff is authorized to file this action under Section 323 of the Bankruptcy Code and Rule 6009 of the Bankruptcy Rules.

9.      Defendant Linda Tischler is an individual and has a mailing address of 5318 16th Ave, Brooklyn, New York 11204. Linda is the Debtor's spouse, and is a member and or has an interest in both LTA and HLT.

10.     Defendant LTATMTJT531816 LLC is an active domestic limited liability company formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for defendant LTA is: LTATMTJT531816 LLC, 5318 16th Avenue, Brooklyn, New York 11204. Public records reflect that LTA does not have a registered agent. LTA is the current record owner of Property since February 22, 2017.

11.     Defendant Harold and Linda Tischler LLC is an active domestic limited liability company formed and existing under the laws of the State of New York. Public records reflect that the address for service of process for defendant HLT is: Harold Tischler, 4316 17th Avenue, Brooklyn, New York 11204. Public records reflect that HLT does not have a registered agent. Upon information and belief, HLT also has an address at 5318 16th Ave, Brooklyn, New York 11204. HLT was the most previous record owner of the Property from August 12, 2011 to February 22, 2017.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

### A.     The Predicate Debt

12.     The Debtor was indebted to creditors as of the date of the LTA Transfer (defined below).

13.     At the time of the LTA Transfer, the Debtor was obligated to American Express Bank, FSB ("Amex") on account of a civil judgment.

14.     On or about December 1, 2010, before the LTA Transfer, Amex obtained a civil judgment against the Debtor and 387 Quincy Assoc LLC in the amount of $20,816.26. A copy of that judgment is annexed to proof of claim 2-1, which is docketed on the Court's Claims Register in the Debtor's bankruptcy estate.

15.     Upon information and belief, no part of that judgment has been satisfied.

**B.**     **The Bankruptcy Filing, Appointment of the Trustee and the Reopening of the Case**

16.     On September 8, 2015 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

17.      The Plaintiff was appointed interim Chapter 7 trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 trustee of the Debtor's estate.

18.     On December 9, 2015, the Court entered an order granting the Debtor a no-asset discharge under Section 727 of the Bankruptcy Code.

19.     On January 23, 2017, the Plaintiff, in reliance on the Debtor's petition and schedules, as well as his testimony at the Section 341(a) meeting of creditors, filed his report of no distribution.

20.     On October 11, 2019, the Clerk of the Court closed the Debtor's case.

21.     In or around March 2021, the Plaintiff was notified by a creditor that the Debtor concealed his interest in HLT, a business entity that owned real estate of substantial value, from his bankruptcy petition and schedules.

22.     On March 26, 2021, the Plaintiff moved to, among things, reopen the Debtor's case on the grounds that the Debtor failed to disclose his interest in HLT.

23.     On April 21, 2021, the Court entered an order reopening the Debtor's case and directing the United States Trustee to appoint a Chapter 7 trustee.

24.     On May 5, 2021, the United States Trustee appointed the Plaintiff as the Chapter 7 trustee of the Debtor's estate.

**C.**     **The Title History of the Property Prior to the Debtor's Bankruptcy Filing**

25.     Prior to the Petition Date, the Debtor and Linda were the owners, as Tenants in Common, of the Property.

26.     Upon information and belief, the Property is a mixed-use property consisting of a commercial storefront and residential apartments.

27.     The Debtor and Linda acquired title to the Property by deed (the "Tischler Deed") dated February 25, 2008, and recorded on March 14, 2008, with the Office of the City Register of the City of New York under CRFN 2008000104423.

28.     The Tischler Deed was given for consideration in the amount of one million dollars ($1,000,000.00).

29.     The Debtor and Linda then transferred their interest in the Property to 5318 16th Ave Enterprises LLC ("5318 Enterprises") by deed dated May 1, 2008, and recorded on May 5, 2008, with the Office of the City Register of the City of New York under CRFN 2008000179128 (the "5318 Enterprises Deed").

30.     The 5318 Enterprises Deed was for no consideration.

31.     Upon information and belief, at the time of the 5318 Enterprises Deed, the Debtor and or Linda were members of 5318 Enterprises and had a preexisting relationship with 5318 Enterprises.

32.     The Debtor and or Linda then caused 5318 Enterprises to transfer its interest in the Property to HLT by deed dated August 12, 2011, and recorded on August 8, 2012, with the Office of the City Register of the City of New York under CRFN 2012000312651 (the "HLT Deed").

33.     The HLT Deed was given for no consideration.

34.     At the time of the HLT Deed, the Debtor and or Linda were members of HLT and had a preexisting relationship with HLT.

D.    **The Fraudulent Transfer of the Property**

35.    As discussed above, on September 8, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

36.    Initially, the Debtor did not disclose an interest in any business entity on his petition and schedules.

37.    The Debtor also did not disclose an interest in any business entity on his initial Statement of Financial Affairs (the "SOFA").

38.    On October 27, 2015, over a month after the Petition Date, the Debtor filed an amended SOFA disclosing his interest in the business entities known as: (i) Fix Anything Construction & Plumbing Inc; (ii) T&M Plumbing & Construction Inc.; (iii) First Choice Plumbing & Construction; and (iv) 387 Quincy Street LLC.

39.    The Debtor did not disclose his interest in 5318 Enterprises and HLT on his petition and schedules, SOFA and amended SOFA, and the Debtor's petition and schedules, SOFA and amended SOFA contained no information to place the Trustee on notice of the existence of Debtor's interest in 5318 Enterprises and HLT.

40.    On December 4, 2015, Chicago Title Insurance Company ("CTIC"), a creditor of the Debtor, commenced an adversary proceeding against the Debtor captioned as *Chicago Title Insurance Company v. Harold Tischler*, Adv. Pro. No. 15-01194-cec, in the United States Bankruptcy Court for the Eastern District of New York (the "Adversary Proceeding"). The Adversary Proceeding sought, among other things, a judicial determination that the Debtor's debt to CTIC was non-dischargeable under Sections 523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. The Court is respectfully referred to the complaint in the Adversary Proceeding, which shows that the Debtor has a history of engaging in real estate fraud.

41.     On or about February 22, 2017, during the pendency of the Debtor's bankruptcy case, and during the pendency of the Adversary Proceeding objecting to dischargeability, the Debtor and or Linda caused HLT to transfer its interest in the Property to LTA via deed dated February 22, 2017, and recorded on May 4, 2017, with the Office of the City Register of the City of New York under CRFN 2017000170319 (the "LTA Deed" or the "LTA Transfer").

42.     The LTA Deed was given for no consideration.

43.     The Debtor's interest in HLT was not abandoned back to or revested in the Debtor because the Debtor failed to disclose his interest in HLT on his petition and schedules.

44.     Neither the Debtor, nor any member of HLT, had authority to transfer the Property without the Plaintiff's consent.

45.     Upon information and belief, LTA was formed less than a month prior to the LTA Transfer, on or about January 25, 2017.

46.     Upon information and belief, the Debtor and or Linda are members of LTA and had a preexisting relationship with LTA.

47.     Upon information and belief, the Debtor exerts and/or exerted complete domination and control over 5318 Enterprises, HLT and LTA.

48.     Upon information and belief, the Debtor makes or has final authority over all substantive and material decisions concerning 5318 Enterprises, HLT and/or LTA, and abuses the privilege of doing business in the corporate name by using 5318 Enterprises, HLT and/or LTA for his own purposes and personal benefit, and as his alter ego.

49.     The explicit purpose of the multitude of conveyances of the Property, for no consideration, was to hinder, delay, or defraud the rights of, among other things, the Debtor's creditors.

50.    The LTA Transfer was made by the Debtor, through HLT, to LTA, with actual intent to hinder, delay, or defraud the Debtor's creditors.

51.    The LTA Transfer was constructively fraudulent as to the Debtor's creditors, regardless of actual intent, due to the absence of fair consideration or reasonably equivalent value.

## RESERVATION OF RIGHTS

52.    During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendants' names; (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
### (For Declaratory Judgment under 11 U.S.C. § 105 and 541)
### (Against all Defendants)

53.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "52" as if each were more fully set forth herein.

54.    Section 541(a)(1) of the Bankruptcy Code provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

55.     Section 542(c)(1) further provides:

> Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—
>
> > (A) that restricts or conditions transfer of such interest by the debtor; or
> >
> > (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

56.     Based on the Tischler Deed, which transferred the Property to the Debtor and Linda as Tenants in Common, it is presumed that the Debtor had at least a fifty percent (50%) interest in the Property.

57.     HLT was formed in or around August of 2011.

58.     Based on the LTA Deed, which transferred the Property from HLT to LTA, the LTA Deed was signed by both the Debtor and Linda, which evidences that the Debtor had at least a fifty percent (50%) interest in HLT, and which interest is property of the estate.

59.     The Debtor failed to disclose his interest in HLT, which is at least fifty percent (50%) and, as a result, the Debtor's interest in HLT was not abandoned back to or revested in the Debtor and remains property of the estate.

60.     None of the transfers, *i.e.*, the 5318 Enterprises Deed, the HLT Deed and the LTA Deed, were for value and all were to insiders of the Debtor.

61.     The Plaintiff therefore demands as and for a First Cause of Action, judgment declaring: (a) that the Debtor's estate has at least a fifty percent (50%) interest in HLT; (b) the

Debtor's interest in HLT, which is at least fifty percent (50%), is property of the estate; and (c) the estate is vested with all of the Debtor's rights and powers associated with the Debtor's membership interest in HLT.

## AS AND FOR A SECOND CAUSE OF ACTION
### (For turnover under 11 U.S.C. § 542 as against all Defendants)
### (Against all Defendants)

62.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" as if each were more fully set forth herein.

63.    Pursuant to Section 542(a) of the Bankruptcy Code, an entity (other than a custodian) in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease, under Section 363 of the Bankruptcy Code, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

64.    Upon information and belief, the Property was the sole asset of HLT.

65.    The Property, which the Debtor has at least a fifty percent (50%) interest in the entity that owns the Property (HTL), is (and was during the bankruptcy case) in the possession custody and control of Linda and LTA.

66.    HLT's interest in the Property and, in turn, the Debtor's interest in HLT, which is at least fifty percent (50%), constitute property of the estate.

67.    The Debtor's interest in HLT, which is at least fifty percent (50%) and, in turn, the Property, are types that the Trustee could use, sell or lease pursuant to Section 363 of the Bankruptcy Code or that the Debtor could exempt under Section 522 of the Bankruptcy Code.

68.    By virtue of the foregoing, the Plaintiff is entitled to judgment on the Second Cause of Action directing the Defendants to turn over the value of the Debtor's interest in the Property,

which is at least fifty percent (50%), vis-à-vis the Debtor's interest in HLT, which is at least fifty

percent (50%), or the Property, plus interest thereon, attorneys' costs, or such other amount as may

be determined by the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### Declaratory Judgment Voiding the LTA Transfer
**(Against Linda and LTA)**

69.      The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "68."

70.      Upon information and belief, the Debtor makes or has final authority over all

substantive and material decisions concerning HLT, including whether to sell the Property.

71.      The Debtor failed to disclose his interest in HLT, which is at least fifty percent

(50%), on his petition and schedules.

72.      Accordingly, the Debtor's interest in HLT, which is at least fifty percent (50%),

was not abandoned back to or revested in the Debtor.

73.      The Debtor's interest in HLT, which is at least fifty percent (50%), is property of

the estate and the Plaintiff is vested with all of the Debtor's rights and powers associated with the

Debtor's membership interest in HLT.

74.      Neither the Debtor, nor any member of HLT, had authority to transfer the Property

without the Plaintiff's consent.

75.      Accordingly, the LTA Transfer is void.

76.      Plaintiff therefore demands as and for a Third Cause of Action, judgment: (a)

declaring the LTA Transfer void; and (b) restoring title to the Property back into HLT.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Unauthorized Post-Petition Transfer under 11 U.S.C. § 549)**
**(Against Linda and LTA)**

77.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "76" as if each were more fully set forth herein.

78.    Section 549(a) of the Bankruptcy Code states:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
>> (1) that occurs after the commencement of the case; and
>> (2)
>>> (A) that is authorized only under section 303(f) or 542(c) of this title; or
>>> (B) that is not authorized by the court. 11 U.S.C. § 549(a).

11 U.S.C. § 549(a).

79.    The Debtor, who has at least a fifty percent (50%) interest in HTL, caused HTL to transfer the Property to LTA during the pendency of the Debtor's bankruptcy case.

80.    The LTA Transfer was not authorized by the Bankruptcy Code or by the Bankruptcy Court.

81.    The LTA Transfer was not authorized by the Plaintiff, who steps into the shoes of the Debtor and who is vested with all of the Debtor's rights and powers associated with the Debtor's membership interest in HLT.

82.    Based upon the foregoing, the Plaintiff is entitled to judgment against Linda and LTA on the Fourth Cause of Action pursuant to Section 549 of the Bankruptcy Code avoiding the LTA Transfer.

**AS AND FOR FIFTH CAUSE OF ACTION**
**UNDER SECTION 550 OF BANKRUPTCY CODE**
**(Against all Defendants)**

83.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "82."

84.     Section 550(a) of the Bankruptcy Code provides in relevant part:

> [T]o the extent that a transfer is avoided under section 544, 547, 548, 549,
> 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the
> estate, the property transferred, or, if the court so orders, the value of such
> property, from . . . the initial transferee of such transfer or the entity for
> whose benefit such transfer was made; or . . . any immediate or mediate
> transferee of such initial transferee.

11 U.S.C. § 550(a).

85.     Under Section 550(a) of the Bankruptcy Code, the Plaintiff may recover the

Debtor's interest in HTL, which is at least fifty percent (50%), as of the the Petition Date.

86.     By reason of the foregoing, the Plaintiff is entitled to a judgment on the Fifth Cause

of Action against the Defendants pursuant to Section 550 of the Bankruptcy Code recovering the

Debtor's interest at the time of the LTA Transfer, which is at least fifty percent (50%), plus interest

thereon, attorneys' costs or such other amount as may be determined by the Court.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Unjust Enrichment Under New York Law)**
**(Against Linda and LTA)**

87.     The Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "86."

88.     Linda and LTA were enriched as a result of the LTA Transfer.

89.     The enrichment of Linda and LTA was at the expense of the Debtor.

90.     The circumstances relating to the LTA Transfer are such that equity and good

conscience requires Linda and or LTA to compensate the Debtor's estate.

14

91.    By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Linda and or LTA in an amount as yet undetermined, but in no event believed to be less than the Debtor's interest at the time of the LTA Transfer, which is at least fifty percent (50%), plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Action for Constructive Trust
### (Against Linda and LTA)

92.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "91."

93.    The Plaintiff is the legal title holder to all property of the Debtor.

94.    The LTA Transfer was fraudulently caused by the Debtor and retained by Linda and LTA under inequitable circumstances.

95.    As the beneficiaries of the LTA Transfer, Linda and LTA knew or should have known that the LTA Transfer was improper.

96.    Linda and LTA have been unjustly enriched to the detriment of the Debtor, and as a result, a constructive trust should be established against Linda and LTA.

[*Remainder of Page Intentionally Left Blank*]

97.     By reason of the foregoing, the Plaintiff is entitled to an order and judgment against Linda and LTA establishing a constructive trust.

**WHEREFORE**, the Plaintiff respectfully demands (i) judgment against the Defendants consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Honorable Court deems just, proper and equitable under the facts and circumstances herein.

Dated: June 15, 2021
Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**
*Counsel to David J. Doyaga, Sr.*
*Solely as Chapter 7 Trustee of the*
*Estate of Harold Tischler*

By:     */s/ Avrum J. Rosen*
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
arosen@ajrlawny.com
atsionis@ajrlawny.com

16